314-422, People of the State of Illinois, Appalachia, by Donald Serrato v. Delvon Franklin, attended by Sean Conlon. Mr. Conlon, may you proceed? May it please the Court, Counsel. My name is Sean Conlon. I'm with the Office of the State Appellate Defender, and I represent Petitioner Appellant Delvon Franklin. Mr. Franklin was convicted of first-degree murder and sentenced to 70 years in IDOC custody. This Honorable Court affirmed his conviction and sentence on direct appeal over a dissent, and despite having found that the State had made inappropriate comments during closing argument and that the evidence was closely balanced. This appeal concerns the dismissal of Mr. Franklin's second-stage post-conviction petition. Mr. Franklin filed this petition in March of 2009. It was advanced to the second stage in the same month. It then sat until September of 2013, when Franklin, frustrated by the lack of progress, filed his own pro se amended petition. In November of 2013, Post-Conviction Counsel adopted Franklin's pro se amended petition, and in February of 2014, Post-Conviction Counsel filed a Rule 651C certificate and stood on the amended petition in argument. The question in this case is whether Post-Conviction Counsel provided reasonable assistance of counsel under the Post-Conviction Hearing Act, when he held on to the petition for almost five years, ultimately produced no original work product, including failing to even morally argue the claims in front of the Post-Conviction Court, and ultimately presented a petition that was rife with inadequacies. The answer to that question is simple, and it is no. That no hinges on three points established by our Supreme Court. First, the Supreme Court has held that Post-Conviction Counsel is ethically barred from presenting frivolous claims to the Post-Conviction Court, just as all attorneys are ethically barred from presenting frivolous claims to all courts. This is the result of the state's victory in People v. Greer, in which Osen argued that Post-Conviction Counsel could advance frivolous claims by presenting a petition without endorsing the petition. After Greer, if Post-Conviction Counsel believes that a claim is frivolous, he or she is required to withdraw that claim from the petition. If he or she believes the entire petition is frivolous, he or she is ethically required to withdraw their representation from the petition. A necessary corollary of that principle is that when an attorney does present a Post-Conviction petition to the Post-Conviction Court, he or she is endorsing the merits of the petition. The second point I'd like to make is that Rule 651C requires Post-Conviction Counsel to have made any amendments to the petition necessary to adequately present the petitioner's claims. The Supreme Court has interpreted that duty as imposing an obligation to attempt to obtain evidentiary support for the claims and then to put those claims into an appropriate legal form. This is a pleading requirement that Post-Conviction Counsel must meet in order to provide reasonable assistance of counsel. Finally, third, the Supreme Court has held that the failure to comply with Rule 651C and the duties in that rule is not subject to harmless error. It is subject to automatic reversal. We are not allowed at this point to consider the merits of the underlying claims, and there's a good reason for that. We don't know what the Post-Conviction Court would have done in cases where counsel did not provide reasonable assistance, what that court would have done had counsel complied with the rule. Another way to say that, and I think this is the critical point in these proceedings, is that the claims that are in front of the Post-Conviction Court in these cases are not the claims that would have been in front of the Post-Conviction Court had counsel provided reasonable assistance of counsel. So to bring all of those points together, if Post-Conviction Counsel presents a claim to the Post-Conviction Court, he or she is telling the Post-Conviction Court that that claim has potential merit. But if he or she fails to properly plead or support that claim with evidence, then he or she has not made the amendments necessary to adequately present the claim, and the cause must be remanded without any reference to the merits of the claim. That's what this Court held in Ross. People do Ross. What other courts have held in other cases, and what I would urge Your Honors to hold in this case. Now, in this case, in terms of, you know, Franklin was essentially deprived of an attorney at the second stage. The attorney did virtually nothing. The only thing the attorney did do was adopt the amended, the pro se amended petition, and therefore endorse the merits or the potential merits of that petition. He then certified that he had properly pleaded and supported the claims with evidence. Now, if the claims were not properly pled, ultimately, and were not supported by evidence, that's a direct contradiction of the certificate. In that case, the certificate has been rebutted. The duties of the rule remain unfulfilled, and the very limited promise of representation and support that the Act provides for petitioners has been unmet. Now, the post-conviction court has told us that many of his claims were not properly pled and were not supported by evidence. The State seems to agree in its brief. And so, if Your Honors agree, the Supreme Court requires us to reverse. Now, in terms of specific examples, I've laid out some in my brief, and I would stress before going on again that the Supreme Court does not require us to look at the merits of the claims, but just take as an example the witness claims that Mr. Franklin presented in his petition. Post-conviction counsel did not attach affidavits to most of these claims. The omission of that essential evidence is, again, a direct contradiction of counsel's certification that he provided evidence and properly pled the claims. Furthermore, all of the witness claims in the petition, including those that were supported by affidavits, suffered from a pleading inadequacy in the form of a lack of any explanation for why these witnesses weren't called at trial. That amounts to a procedural bar on the claims. The most egregious of these was the Linwood affidavit, which the post-conviction court acknowledged supported Franklin, but which the post-conviction court rejected because Linwood was unavailable for trial. Now, since a witness statement that was unavailable at trial due to the witness's fear is a classic new and discovered evidence claim, if post-conviction counsel had properly pleaded the claim, the post-conviction court would have been required to consider the substance of that claim and that affidavit in relation to Franklin's conviction and under the rules of the second stage. Was Linwood listed as one of the people that private investigators said was a name given after the trial went? I believe so. I believe so. She is the one that had moved to, I think, Colorado and had a view that she had – both that she had moved and that she was afraid to testify. Now, the thing about – the point about the witness's names being presented or being presented to counsel after the trial is that we don't know when Mr. Franklin knew about these witnesses. We don't know why they weren't – ultimately why they weren't called. And there have been cases, and this is cited in the briefs, where these affidavits have been considered. But that's ineffective. Getting back to that, if the names, no matter why Mr. Franklin didn't turn them over to his attorney, if he didn't turn – if they were turned over to the attorney for whatever reason until after the trial, I don't know how any amendment would cure that. Sure. I understand. I have two responses. One, that, again, the Supreme Court doesn't allow us to consider the merits of the claims at this point. All we can consider at this point are the adequacy of the pleadings and the adequacy of the support of the claims. But two, this is actually an example or a demonstration of how post-conviction counsel in this case caused more harm than good to Mr. Franklin. Because if this petition had been dismissed at the first stage instead of the second stage, we would have a very different set of standards that we would be considering, and we would have a much more liberal pleading standard. The gist of these claims is clearly newly discovered evidence. And we would be considering these claims as newly discovered evidence had post-conviction counsel properly amended the claims. That's essentially what Franklin has said, that we have this new information, that we have these affidavits, these witnesses that for whatever reason, and we don't know the reason because post-conviction counsel didn't amend the petition, for whatever reason were not available at trial. And so we don't know whether ultimately it would have been an ineffective assistance claim. Because, again, I believe, and I think it's obvious on the face of the petition, that the gist of these claims is newly discovered evidence in the form of these affidavits or at least the witnesses that had affidavits, but certainly the witness statements that weren't available at trial. We know that this took five years, and we know that there were 25 continuances. Approximately 25. Approximately 25. Do we know whether this attorney ever met with the defendant? I do not have personal knowledge of that. What we know is that post-conviction counsels certify the duties under 651C. Our argument is that the certification is rebutted, but I'm not in a position to accuse that attorney of having not actually communicated with Mr. Franklin. But that is the gist of our argument on appeal, that post-conviction counsel did not provide reasonable assistance when he presented his pro se amended petition, and when that pro se amended petition is characterized by pleading evidentiary and legal insufficiencies. And those insufficiencies are fairly obvious on the face of that petition. And it was post-conviction counsel's duty to make sure that those inadequacies were not presented to the court. If Your Honors have any, we would ask that Your Honors reverse the post-conviction court's order granting the motion to dismiss and remand for further second stage proceedings. Thank you. Mr. Arado. Good morning. May I please call upon Your Honors Counsel Thomas Arado on behalf of the people. What this case gives an opportunity for is perhaps instruction to the lower court as to how they're supposed to handle these types of cases. Without conceding that defense counsel or post-conviction counsel gave inadequate representation, we address the point that the trial judge undertook a 16-page analysis of the underlying post-conviction petition and looked at the merits and determined that even if certain claims had been properly preserved, they were not meritorious or they were not prejudicial to the defendant. But what is a trial judge supposed to do in a situation such as this where there are 25 continuances, where a counsel stands upon the pro se pleadings, we don't have a pro se rule that counsel standing on pro se pleadings automatically gets reversed. It has to be a showing that there could have been reshaping of the claims that made them presentable or preserved for review. But a trial judge set with and faced with this situation is in a bit of a bind. He's not an advocate for either the state nor is he an advocate for the defendant. He is left with the claims that are before him or her. And so when he is taken and presented with a pro se petition, appointed counsel who has certified through a 651C certificate that he's done what he is supposed to do, and then a state's motion to dismiss, and then the standing on the pleadings, what is the trial judge supposed to do? Is he supposed to then say to defense counsel, well, under the state's motion to dismiss, he points out certain or the state points out certain things. You have to go back, sir, and redo or reamend this petition. That doesn't appear counsel. He could have perhaps raised certain things which the trial judge acknowledges in his analysis. Sixteen page analysis there that could have been presented at the initial appeal, but weren't. The 16 page analysis is an analysis of what was there, not what might have been. Correct. That's true. But it is a reshaping of the defendant's claims. Some of the things that counsel or defendant is arguing is, oh, he should have added claims. People versus Davis unique claims are not required to be new and unique claims are not required to be added. It is only reshaping of the claims that are presented in the post-conviction petition. So I certainly understand the argument that, well, we don't look at the underlying petition. Well, I mean, he's formulating the real claims as newly discovered evidence. Correct. Correct. And that was that is a week. That is entirely unique claim. One could look at that and say, but it's not an requirement to reshape that or add it into a petition, a new claim, which is essentially what that's arguing. So the trial judge here did what the trial judge is left to do. Analyze the petition based on what is presented to him. And he analyzed each of the claims. What we're going to do if we send this back is say to the judge, well, you've wasted your time. You've wasted everybody's time and you should have done something else. What else is he supposed to do? And I think that's if this court is going to send it back. That's not the issue on appeal. The issue on appeal is if the attorney did his job right, not whether the judge did. And all we're looking at is did the attorney do what he was required to do under 651C? Under 651C, there was a rebuttal presumption that the trial judge or the post-conviction counsel did what he was supposed to do. That's based on the affidavit. That's based on the affidavit. And, you know, the claim is – and I understand Your Honor's point that, okay, did counsel – could he have added that the appellate counsel was ineffective in not raising this at the direct appeal? That would have been a claim that could have been reshaped perhaps. But the trial judge addressed – even if he had included that, it was without merit. So I think what we're trying to do is preserve this argument for an analysis, be it this Court's analysis or the Supreme Court's analysis, that, you know, in these types of situations, if there is truly no merit to these claims, that when the trial judge goes through and does an analysis, does a full, complete analysis of, you know, even if the defense counsel or post-conviction counsel had done what he was – done what he suggested he do, would that have been – But, I mean, those are things, you know, if this judge is doing an analysis, if he's doing it without an evidentiary hearing, there's no opportunity for some of, you know, the claims to be fleshed out. I mean, you know, that's really not what the second stage – what happens at that second stage. I mean, that would be something, you know, that the defendant would be allowed to provide, you know, evidence and support in an evidentiary hearing on those claims to take a step further. But here in this 16-page analysis, I mean, he's making those determinations that things are without merit, almost, you know, taking it to the step of an evidentiary hearing but not giving the defense that opportunity, I guess is what you're – is that – No, not – well, not exactly. If you have, for example, affidavits, we don't concede that you don't have to – that counsel has to provide – go looking for the witnesses and provide affidavits. But, you know, if there was – he's making claims that these people would have presented this information. Now, would that be – if there's nothing to support that, a second stage dismissal is appropriate. If there's no – the trial judge says, well, you know, all the evidence rebuts the defendant's claims, that's inappropriate for a second stage dismissal, regardless of whether – You're asking, did defense counsel rewrite this post-conviction petition? If you'd rewritten this, would these claims have made any difference? I mean, if they had – if there had been an affidavit for some of them, and, you know, maybe they would have, but you're saying he doesn't have to go out and get those affidavits. Correct. At this stage, no. I don't know so much about that, but to an earlier point you made that, you know, if we reject this and we reverse it, that we're wasting his time. I mean, that could be said about every case that comes here that's reversed. You know, I mean, we are telling the trial court, I guess, in a sense, that they have to do it over and they've wasted their time. But that's, you know, our responsibility to do that if the law requires it. Well, then this court needs to give instruction to the trial judge what to do in those situations. I mean, if you're simply saying, okay, well, trial judge, you know, go through your analysis, but it's a waste of time. I think the instruction needs to be given to the attorney who is filing a certificate that they have done a reasonable job in bringing these claims, you know, if we decide that. I mean, that's – well, we're not instructing the judge. We're not instructing the parties of what they need to do. Well, respectfully, you know, you're saying that – he's saying essentially that it was obvious. It was obvious these claims were deficient. Well, I'm not saying I agree with him. Right. And as I say, our brief sets forth really our substantive claims, and we'll stand on that. But what I'm trying – what we're trying to get to is, you know, when you're left with a situation in which it's – a claim is obvious that it's without merit. Is a judge supposed to not do anything? You know, it seems to me that you're arguing we're supposed to consider that in this case, under these circumstances, this judge did the best the judge could do under the circumstances. But that's not what we're looking at. Well, what I'm suggesting on the substantive argument is that the trial judge looked at the claims and said, look, none of those have merit or they're not supported, so there's nothing that counsel could have done to reshape these claims into an appropriate form. He didn't come out and say that because it's not – that's not what he was doing. He was looking at the post-prohibition position. But that – if you interpret that, he's looked at these and rejected each of these claims on their substance, on their merits, what else could the counsel have done? And that's what our substantive argument is. What I – there's been, as this court is aware, a rash of these cases that have been going – coming up and going back down in the last few months even. And what we're trying to do is clarify and give direction as to what's going on. Fortunately, many have been remanded because there's a pro forma affidavit by an attorney, a defense attorney, which appears as to be a signed document saying something, but the record doesn't reflect the reality of what they're saying. In some of those instances, I can't speak. I mean, is that right? Yeah. This is – I don't get to speak. But there are other instances. There are similar situations. Judge Brown has done an excellent job. I – we have served in the last several cases that we've dealt with. These are two years old now in doing an analysis. Because they used to be they were just dismissed based upon where you caught it, and that'd be it. But that's my point, that we're – you know, here we've got a trial judge doing the best the trial judge can do under the circumstances. But the question is, was the trial judge really given the information that should have been given? Well, then should the trial judge instruct counsel when you analyze it? It appears that – and you're saying, you know, in your earlier point that the trial judge did not make explicit findings on this. But really, if you read between the lines of the trial judge's findings, there's really no evidence to support any of this. But that's based on what the trial judge was given. And, of course, the trial judge did not express that, you know, that statement. The trial judge just looked at the materials presented, period. But there are duties of the defense attorney. And the ruling appears to reflect an acknowledgment that that duty wasn't fulfilled. Well, then does the judge have a duty then to send it back to the counsel and say, redo it? And that's what we're asking. Well, he can't make judgments on the merits without hearing. Well, I mean, he – Does he know that? Well, based upon second-stage principles that, you know, does the record reflect contradicted defendants' claims? Does the – you know, he can do that. But newly discovered evidence? Newly discovered evidence, well, if it's not supported or if it contradicts or is – again, newly discovered evidence is a separate claim, unique claim that counsel is not required to – It seems like what you're doing is making another argument for the unreasonable assistance of the post-conviction attorney. That they didn't raise a claim that wasn't in the defendants' – that's not required? No, it's not required that they didn't raise – but he didn't present anything in the proper form. Or he didn't present everything in the proper form. How do you think this took so long? I mean, what's the exact time period we're talking about? Five years. We – just an aside, we have spoken with the state's attorney's office and the person who was handling these types of claims is no longer being allowed to handle those claims. So – not on the state's attorney's side. Yeah. Can't do anything until something is filed. But from the PD's side, they're not being allowed to handle that. I mean, aside from the issues in the case, it's my mind that isn't – I mean, there could be no excuse. Five years on. Post-conviction claim, which should have been – yeah, I agree. Especially when nothing was done. I mean, we're not talking about taking more time to redraft something or – Well, it was a – the amended claim that he stood – Yeah. Pro se amended claim that the defendant's counsel stood on, but – So the issue has – You know, obviously that has nothing to – I mean, it's not your fault. It's not – you know, but it just sort of stands out, doesn't it? Oh, I can't dispute that. I mean, it's five years from now. So you think that's in part rectifying that? That's good to know. So if the – there are no other questions. I respectfully ask that this court affirm. Thank you, Judge. Mr. Connolly. Just a very brief – a very brief response, Your Honors. First off, I agree entirely with the premise that this issue is about the attorney and not about the judge. And frankly, it's my belief that a remand in these cases is an appropriate price for our system to pay for these – Wouldn't you be remanding based on speculation and conjecture? It could be what it might be. Respectfully, Your Honor, I would disagree with that. And the reason being that, again, as we put out in the briefs and argued today, the law – the state of the law right now is that the Supreme Court does not allow us to consider the merits of these claims, largely because we don't know what the claims would look like had the duties been fulfilled. So we can speculate – you know, if you want to consider the petition as it exists now, you could call that speculation. That would be an appropriate word. However, I do not consider the petition as it is now because the Supreme Court has told us that, you know, these are not the claims that could ultimately go in front of the post-conviction court. And in that area, I would respectfully disagree with counsel that, for example, the new evidence claims are actually new claims. I believe the gist of these claims are new evidence claims and that Mr. Franklin styled them as ineffective assistance. But when you look at the evidence that he's trying to put forward and the claims that he's making, that's not the claim that he's made – that he has, in fact, made. But aside from that, even if you always don't accept that those are the existing claims, and even if you want to look at the merits, I mean, there are other examples in the petition. I picked that one example to illustrate the overall problem here. Right, but there are other claims that have similar problems that are, frankly, more clearly arguable. So, for example, and with respect to the trial court and the trial judge, the claim about judicial bias, which was – it's a well-established issue. A judge cannot sit on an ex parte letter. There's evidence on the record of an ex parte letter, but it wasn't pled correctly in the petition. And instead, it was pled based on the notion that the judge had ruled against Mr. Franklin, which we all know is just not a claim. It's not a basis for relief. But had post-conviction counsel explored that issue of the ex parte letter, there's clear law on that. And it could have been reshaped, and it's right there. In terms of what the judge could have done, we have a model for this in 604D, where the judge has a duty to make sure that the duties set out in Rule 604D are followed. In a case like this, I, with respect to Mr. Franklin, do think that these deficiencies are fairly obvious on the face of the petition. And as you, Justice Carter, recognized a moment ago, the post-conviction judge seemed to acknowledge that there were problems on the face of the petition. Counsel, you have one minute. Thank you. It's not necessary to take it to an order at that moment. Why not tell the attorney, look, in this specific situation, something more needs to be done? But regardless, this issue was about the attorney and the attorney's representation and the level of assistance that the attorney gave. And if we have to remand some cases, then we have to remand some cases. If there are no other questions, thank you, Your Honor. Thank you, Mr. Connolly. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. I would like now to stand in a brief recess to abstain. Please rise. This court stands in recess.